# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **AMANDA MARTIN** ) <br> 1095 Chatham Place ) <br> Rocky River, Ohio 44116 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **FEDERAL RESERVE BANK OF CLEVELAND** ) <br> C/O Loretta J. Mester ) <br> President, Federal Reserve Bank of Cleveland ) <br> 1455 East 6th Street ) <br> Cleveland, Ohio 44114 ) <br> ) <br> and ) <br> ) <br> **MATRIX ABSENCE MANAGEMENT, INC.** ) <br> C/O CT Corporation System ) <br> 4400 Easton Commons Way, Suite 125 ) <br> Columbus, Ohio 43219 ) <br> ) <br> and ) <br> ) <br> **LONG TERM DISABILITY INCOME PLAN** ) <br> **FOR EMPLOYEES OF THE FEDERAL** ) <br> **RESERVE SYSTEM** ) <br> C/O Board of Governors of the ) <br> Federal Reserve System ) <br> 20th Street and Constitution Avenue, N.W. ) <br> Washington, DC 20551 ) <br> ) <br> Defendants. ) | CASE NO.: 1:23-cv-1564 <br><br> JUDGE: <br><br> **COMPLAINT** <br><br> (Jury Demand Endorsed Heron) |

## JURISDICTION & VENUE

1. Jurisdiction is established under 12 U.S.C. § 632, the Federal Reserve Act.

2. Venue is proper in the Northern District of Ohio as Plaintiff is a resident of Cuyahoga County, Ohio, and a substantial part of the events, transactions, and occurrences material to her claim

1

for Long Term Disability ("LTD") benefits took place in the Northern District of Ohio.

3. Plaintiff is a covered "Participant" as a sponsored employee through the Federal Reserve Bank of Cleveland ("Employer") Long Term Disability Income Plan for Employees of the Federal Reserve System, as amended and restated as of January 1, 2013, ("LTD Plan").

4. At all times relevant hereto, Defendant Matrix Absence Management ("Matrix") was the claims administrator for the LTD Plan and adjudicated Plaintiff's claim, identified as Claim Number 2022-09-07-0683-ASL-01.

5. The Employer had delegated adjudication of Plaintiff's claim to Matrix, whereas Matrix acted as an agent for and on behalf of the Employer as permitted by the LTD Plan.

6. Upon information and belief, the LTD Plan is self-insured by the Employer.

7. The LTD Plan states benefits are payable when Plaintiff "has provided the Medical Board with the Proof necessary to support the Participant's claim."

8. The LTD Plan's definition of "Proof" "means Written documentation that evidences supports a claim for LTD" and includes "an attending physician's statement ... attending Physician's office records or notes ... consulting Physician reports ... test results ... and any other form of objective medical evidence in support of a claim for benefits."

9. The LTD Plan states LTD benefits "shall cease" "the date that the Medical Board determines that the LTD Payee is no longer Totally Disabled."

10. The LTD Plan's definition of "Total Disability" required Plaintiff to be "unable solely because of illness or injury to work on a regular and full-time basis" her "Own Occupation."

11. Plaintiff supplied Defendants with the "Proof" required by the LTD Plan.

12. Despite the "Proof" supplied, Defendants denied Plaintiff her right to benefits under the LTD Plan.

13. Plaintiff complied with the LTD Plan requirements, exhausted all appeals under the LTD Plan, and received a final LTD denial letter from Defendants dated May 25, 2023.

14. Plaintiff has standing as the Defendants have wrongfully denied her LTD benefits and that future benefits will not be paid because of Defendants' actions.

## COUNT ONE – BREACH OF CONTRACT

15. Plaintiff reaffirms and re-alleges the allegations in the preceding paragraphs as if fully rewritten herein.

16. Plaintiff had been diagnosed with various disabilities within the knowledge of the Defendants and has been and continues to be treated for the disabilities.

17. Plaintiff and Defendants entered a contract pursuant to the LTD Plan.

18. Plaintiff submitted a claim for LTD benefits and was denied on February 1, 2023.

19. Plaintiff appealed Defendants' decision to deny LTD benefits on April 10, 2023, and ultimately received a final LTD denial from Defendants on May 25, 2023.

20. Plaintiff provided Defendants with substantive, credible evidence that she is totally disabled because of her disabilities and has been and is entitled to LTD benefits and other associated benefits under the Plan.

21. Defendants breached the contract by wrongfully refusing to pay Plaintiff's LTD benefits and any other benefits in violation of the terms of its LTD Plan when Defendants knew Plaintiff was entitled to those benefits under the terms of the Plan.

22. Defendants breached the contract by elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers.

23. Defendants breached the contract by selectively citing medical records that favored its self-

interested determination of denying Plaintiff's claim for LTD benefits, while ignoring medical records and other evidence that favored Plaintiff's claim.

24. Defendants breached the contract by relying on the opinions of medical professionals who were financially biased by their relationship with Defendants and as such unable to offer an unbiased opinion.

25. As a direct and proximate result of the above-referenced decision to deny benefits, Plaintiff has suffered the loss of benefits to which she has been and is entitled, and has incurred expenses in appealing the wrongful, bad faith, arbitrary, and capricious denial of her rights under the contract.

## COUNT TWO – BAD FAITH

26. Plaintiff reaffirms and re-alleges the allegations in the preceding paragraphs as if fully rewritten herein.

27. In accordance with the implied covenant of good faith and fair dealing contained in the LTD Plan, Defendants agreed to deal with Plaintiff fairly and honestly and to take no action that would limit, obstruct, hinder, or otherwise potentially harm her ability to receive benefits under the LTD Plan.

28. Plaintiff was a beneficiary of the LTD Plan, and therefore was owed a duty of good faith and fair dealing.

29. Defendants violated the covenants of good faith and fair dealing that it owed to Plaintiff by the actions and inactions detailed throughout this Complaint (and through others that are likely to be found through discovery).

30. Defendants violated the covenants of good faith and fair dealing by ignoring the opinions of Plaintiff's medical experts.

4

31. Defendants violated the covenants of good faith and fair dealing by ignoring evidence supporting Plaintiff's entitlement to benefits.

32. Defendants violated the covenants of good faith and fair dealing by selectively relying upon self-serving evidence it procured by means of payment for its own benefit.

33. Defendants violated the covenants of good faith and fair dealing by treating Plaintiff as an adversary, rather than a beneficiary.

34. Defendants violated the covenants of good faith and fair dealing by placing their own interests ahead of Plaintiff's.

35. Defendants violated the covenants of good faith and fair dealing by expanding Plaintiff's burden to provide adequate Proof to support her claim for LTD benefits beyond that which the LTD Plan required.

36. Defendants violated the covenants of good faith and fair dealing by placing the interests of each co-defendant's interest ahead of Plaintiff's.

37. Plaintiff suffered compensable non-economic injuries as a direct result of the Defendants' actions and inactions, including but not limited to inconvenience, emotional stress, reduction in quality of life, mental suffering, anguish, anxiety, annoyance, loss of enjoyment of life, and amounts to be proven at trial.

**WHEREFORE**,

Plaintiff prays as follows:

A. That Plaintiff has the right to receive LTD benefits pursuant to the terms and conditions set forth in the LTD Plan;

B. That Defendants reinstate Plaintiff, pay any arrearage owed, and pay ongoing LTD benefits to her;

C. That all of Plaintiff's rights under the LTD Plan be honored;

D. That Plaintiff is entitled to receive future benefits under the LTD Plan so long as she remains totally disabled and performs all conditions required of her pursuant to the LTD Plan;

E. That Plaintiff is entitled to all additional or associated benefits because of being found disabled and that same be reinstated;

F. That Plaintiff be awarded pre-judgment and post-judgment interest, costs, and reasonable attorney fees under applicable law as determined by the Court, and for all other relief in law or equity to which she is entitled; and

G. That Plaintiff be permitted to conduct discovery.

Respectfully submitted,

*/s/Andrew November*
Andrew November (0085018)
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 282-1773
F: (216) 455-7400
anovember@linerlegal.com

*/s/ Eric McDaniel*
Eric McDaniel (0090827)
Malyuk McDaniel Kasper LLC
138 Stow Avenue
Cuyahoga Falls, OH 44221
T: (330) 929-9700
F: (330) 929-9720
eric@malyuk.com

&

*/s/ Matthew Kasper*
Matthew Kasper (0095833)
Malyuk McDaniel Kasper LLC
138 Stow Avenue
Cuyahoga Falls, OH 44221
T: (330) 929-9700
F: (330) 929-9720
matt@malyuk.com

**JURY DEMAND**

Plaintiff Amanda Martin demands a trial by jury by the maximum number of jurors permitted.

/s/ *Andrew November*
Andrew November (0085018)

*Counsel for Plaintiff*